IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRE FANNIEL,

                Plaintiff,

     v.                                          CASE NO. 06-3265-SAC

KENDRA FREDRICKS, et al.,

                Defendants.

**O R D E R**

    This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas. Having considered plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

    Plaintiff alleges error and the denial of his constitutional rights in the revocation of his probation. Plaintiff states he was

arrested on June 7, 2006, for violating the conditions of his probation.  A revocation hearing was conducted on June 27, 2006, at which plaintiff was not present but was represented by his attorney. Plaintiff claims he was denied a copy of the charges for revocation, and generally complains the revocation hearing proceeded in an unlawful manner.  Plaintiff seeks damages and a declaratory judgment that his constitutional rights were violated.  The defendants named in this action are plaintiff's probation officer (Kendra Fredricks), plaintiff's attorney (James Foster), and the United Government of Wyandotte County.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

The Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477 486-87 (1994).  This holding applies to claims necessarily implicating the validity of the revocation of a parole or probation. *See* Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(claim involving false testimony at probation revocation hearing was invalid under Heck).  In the present case there is nothing to indicate the challenged revocation of plaintiff's probation has been reversed, overturned, or otherwise set aside, thus no cognizable

2

claim for damages is stated.

Plaintiff's allegations also state no factual or legal basis upon which relief can be granted under 42 U.S.C. § 19183 against the Unified Government of Wyandotte County. Plaintiff states only that this entity allowed an unjust probation revocation. To the extent plaintiff challenges the validity of the revocation of his probation, relief in federal court must be pursued through a petition for writ of habeas corpus under 28 U.S.C. § 2241, after first exhausting available state court remedies.

Nor do plaintiff's allegations state any claim for relief against his attorney. To state a claim under 42 U.S.C. § 1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*. West v. Atkins, 487 U.S. 42 (1988). Plaintiff provides no factual basis for finding Foster acted under color of state law in representing plaintiff in the revocation proceeding. *See* Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law).

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed for the reasons stated herein. The dismissal would be without prejudice to the extent plaintiff's claims for damages are premature under Heck, and to the extent plaintiff may be seeking relief that must be pursued in a habeas

3

action filed under 28 U.S.C. § 2241.  Plaintiff is advised that the failure to file a timely response may result in the complaint being dismissed without prejudice and without further prior notice to plaintiff.

Plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice to plaintiff renewing his motion if this action is not dismissed for the reasons stated herein.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the $350.00 district court filing fee is to proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the complaint should not be dismissed without prejudice for the reasons stated by the court.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

The clerk's office is to provide a copy of this order to plaintiff and to the Finance Officer at the facility where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 12th day of October 2006 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge